UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 23-10174 <br> Honorable Terrence G. Berg <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 13, 14)**

I.   **Introduction**

Plaintiff Roy B. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After reviewing the record, the Court **RECOMMENDS** that:

- Plaintiff's motion (ECF No. 13) be **DENIED**;

- the Commissioner's motion (ECF No. 14) be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## II.     Background

### A.  Plaintiff's Background and Disability Application

Born in June 1982, plaintiff was 35 years old at the time of his alleged onset date of January 2018.  ECF No. 7-1, PageID.212, 229.  He had past relevant work as a janitor/cleaner and pizza deliverer.  *Id.*, PageID.48.  Plaintiff claimed to be disabled from depression, mental issues, and anxiety; Crohn's Disease since age 15; chronic pain, including when sitting, standing, and walking; and running to the bathroom constantly.  *Id.*, PageID.233.

After the Commissioner denied his disability application initially, plaintiff requested a hearing, which took place in January 2022.  *Id.*, PageID.33.  Plaintiff and a vocational expert (VE) testified at the hearing.  *Id.*, PageID.56.  In the decision that followed, the ALJ found plaintiff not disabled.  *Id.*, PageID.50.  The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  *Id.*, PageID.19.  Plaintiff timely filed for judicial review.  ECF No. 1.

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age,

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

3

education, and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled.  At the first step, he found that plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured, December 31, 2020.  ECF No. 7-1, PageID.36.  At the second step, the ALJ found that plaintiff had the severe impairments of "perianal disease, status post fulguration of a large condyloma; Crohn's disease of small intestine with fistulas; hidradenitis suppurativa; squamous intraepithelial neoplasia; obesity; depressive disorder; and anxiety disorder."  *Id.*  Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  *Id.*, PageID.36-37.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to "perform work that requires an entry level job" with these limitations:

> [S]imple routine tasks that [are] non-fast-rate production, defined as involving no conveyor belt or assembly line work and

4

no hourly quotas; a restroom should be readily accessible to employees on the work premises; can lift and/or carry 5 pounds frequently and 10 pounds occasionally (from very little up to one-third of an 8 hour workday); can stand and/or walk (with normal breaks) for 2 hours in an 8-hour workday, however the claimant requires the opportunity to stand for 15 minutes at one time before needing to sit for 2 minutes before resuming standing so long as he is not off task; can sit (with normal breaks) for 6 hours in an 8 hour workday, however the claimant requires the opportunity to sit for 15 minutes at one time before needing to stand for 2 minutes before resuming sitting so long as he is not off task; can perform pushing and pulling motions with the upper extremities within the aforementioned weight restrictions for two-thirds of an 8-hour workday, but can only occasionally perform pushing and pulling motions with lower extremities; can perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling and reaching for two-thirds of an 8-hour workday; needs to avoid hazards such as moving machinery and unprotected heights, but does not need hazards typically found in the workplace such as boxes on the floor or ajar doors; job responsibilities do not include the use of hand-held vibrating or power tools; needs to be restricted to a work environment with good ventilation that allows the claimant to avoid frequent concentrated exposure to extreme heat, extreme cold, and high humid [sic]; and can perform occasionally: climbing stairs with handrails, stooping, crouching, and kneeling but he needs to avoid climbing ladders, scaffolds, and ropes, and crawling.

*Id.*, PageID.39.  At step four, the ALJ concluded that plaintiff could not perform his past relevant work as a janitor/cleaner or pizza deliverer.  *Id.*, PageID.48.  At the final step, after considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that he could perform jobs that existed in significant numbers in the national economy, including general office clerk, assembler, and inspector.  *Id.*,

5

PageID.49. The ALJ thus concluded that plaintiff was not disabled. *Id.*, PageID.50.

### III. Analysis

#### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)

6

("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ erred in evaluating his subjective symptoms and specifies his "severe and chronic perianal pain due to terminal ileum ('TI') disease and as to Crohn's Disease symptoms (e.g., need for extending bathroom breaks)." ECF No. 13, PageID.720. The Court disagrees and recommends that the ALJ's decision be affirmed.

**B.**

Plaintiff asserts that the ALJ did not sufficiently explain his subjective symptom analysis and that the record supports plaintiff's testimony about his symptoms. ECF No. 13, PageID.725-731. Plaintiff points to his testimony during the January 2022 hearing, when he rated his perianal pain as an "8" on a scale of 1 to 10. ECF No. 7-1, PageID.62-63. He said, "I can't sit nowhere, just like a couch or some kind of cushion," and that he could not sit on wooden chairs or car seats. *Id*., PageID.63. Plaintiff also testified that he had lesions on his groin from hidradenitis suppurativa that leaked when he stood, and that walking and bending were painful. *Id*., PageID.68-70.

The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms.  First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); SSR 16-3p.  If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms.  20 C.F.R. § 404.1529(a); SSR 16-3p.  In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.  "An ALJ's subjective symptom evaluation should not be disturbed 'absent compelling reason.'"  *Carr v. Comm'r of Soc. Sec.*, No. 21-11307, 2022 WL 4230913, at *3 (E.D. Mich. July 21, 2022), *adopted*, 2022 WL 3362268 (E.D. Mich. Aug. 15, 2022) (quoting *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).  At the same time, "such determinations must find support in the record."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Here, in his decision, the ALJ summarized plaintiff's subjective complaints and noted that plaintiff claimed to live a sedentary lifestyle because of his medical conditions.  ECF No. 7-1, PageID.40.  But the ALJ concluded that plaintiff's "statements concerning the intensity, persistence

and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id*.  Plaintiff contends that the ALJ's discussion about the evidence of plaintiff's symptoms was limited to two sentences about his compliance of treatment.   ECF No. 13, PageID.725-726 (citing ECF No. 7-1, PageID.42).

The Court finds that the ALJ's decision should be affirmed for three reasons.  First, plaintiff relies on evidence from well after his date last insured (DLI) in December 2020.  *See* ECF No. 7-1, PageID.36; ECF No. 13, PageID.723-724.  "In order to qualify for DIB, a claimant must establish the onset of disability *prior* to the expiration or his or her insured status, *i.e.*, prior to his or her DLI." *McNier v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 904, 911 (S.D. Ohio 2016) (cleaned up).  Thus, medical evidence "after the last insured date is only considered to the extent it illuminates that condition before the expiration of the claimant's insured status." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 850 (6th Cir. 2020) (cleaned up).  For example, a medical opinion offered after the DLI may be relevant if it refers to the claimant's condition during the insured period.  *Id*.

The ALJ detailed the records about plaintiff's hidradenitis suppurativa from April 2021 to November 2021.  ECF No. 7-1, PageID.43-44.  The ALJ noted that plaintiff "did not actively seek treatment for the hidradenitis in the

9

groin area until eight months after the date last insured in August 2021." *Id.*, PageID.45.  Plaintiff presents no evidence that, before the DLI, he suffered the symptoms from hidradenitis suppurativa that he described during the January 2022 hearing.  ECF No. 13.  And plaintiff makes no argument to support that the medical evidence about his hidradenitis suppurativa from 2021 would illuminate his condition before his DLI.  *Id.*

      Another second reason the ALJ's decision should be affirmed is that the ALJ accurately noted inconsistencies between plaintiff's testimony and the medical records.  ECF No. 7-1, PageID.41.  Medical records showed that, when treated with Humira, plaintiff described a reduction in Crohn flares with little to no abdominal pain, one or two bowel movements a day, and no urgency.  *Id.* (citing ECF No. 7-1, PageID.331, 382, 392, 664, 672, 677).  Though those records corroborated that plaintiff reported moderate to severe perianal pain, they contradicted plaintiff's testimony that he had three to five bowel movements a day and that he would throw up because of severe pain in his stomach.  *Id.*, PageID.70-72.  The ALJ had the right to conclude that those inconsistencies undermined the reliability of plaintiff's testimony.  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

10

525, 531 (6th Cir. 1997); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007) (same).

A final reason why this Court finds that the ALJ's decision should be affirmed is that the state agency medical consultants, who provided the only opinions on plaintiff's RFC in the record, found that plaintiff could perform a limited range of medium work. ECF No. 7-1, PageID.105-108, 122-123. The ALJ found those opinions unpersuasive because the combined effects of plaintiff's impairment supported "a sedentary exertion level with additional limitations with respect to standing and/or walking and sitting; greater postural limitations with respect to climbing ladders/ropes/scaffolds; and additional limitations with respect to environmental limitations." *Id.*, PageID.47. "Courts in this circuit have routinely found RFC assessments that are more restrictive than the opinion evidence to be supported by substantial evidence."[2] *Brooks v. Comm'r of Soc. Sec.*, No. 20-13246, 2022 WL 2163018, at *3 (E.D. Mich. May 23, 2022), *adopted*, 2022 WL 2161485 (E.D. Mich. June 15, 2022).

---

[2] The ALJ did not err in assessing plaintiff's RFC without relying on a consistent medical opinion. *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

When, as here, the ALJ's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286. So although plaintiff cites medical evidence that might support his subjective-symptom claims, the ALJ's decision should be affirmed.

## IV. Conclusion

The Court **RECOMMENDS** that plaintiff's motion for summary judgment (ECF No. 13) be **DENIED**, the Commissioner's motion for summary judgment (ECF No. 14) be **GRANTED**, and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 16, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.* And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2024.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
