UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRYAN P.**,<br><br>Plaintiff,<br><br>vs.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>Defendant. | **2:23-CV-10174-TBG-EAS**<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**(ECF NO. 15)** |

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation of January 16, 2024, recommending that Plaintiff's motion for summary judgment be denied (ECF No. 13), that Defendant's motion for summary judgment be granted (ECF No. 14), and that the findings of the Commissioner be affirmed. Plaintiff has filed an objection to the Report and Recommendation (ECF No. 16), and Defendant has filed a response (ECF No. 17).

The Court has reviewed Judge Stafford's Report and Recommendation, and Plaintiff's objection thereto. For the reasons below, Plaintiff's objection will be **OVERRULED**, and the decision of the Commissioner denying Plaintiff's disability claim will be **AFFIRMED**.

### I. BACKGROUND

Bryan P. was diagnosed with Crohn's disease when he was 15. When he was younger, he held some part-time jobs. ECF No. 7-1, PageID.112; *see also id.* at PageID.234. In 2017, he started his own

1

cleaning business, but he stopped working on January 15, 2018. *Id.* at PageID.112. He was then 35 years old. His insured status expired on December 31, 2020, so to be eligible for disability benefits, he needed to prove that he became disabled on or before then. *Id.* at PageID.36. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

The Social Security Administration found in 2009 that Bryan had been disabled since 2002 from Crohn's disease and recurrent perirectal abscesses. ECF No. 7-1, PageID.88-90. The ALJ who adjudicated his application believed that his medical condition would improve with appropriate treatment, however, and recommended a disability review within 24 months of the decision. *Id.* at 90. The Commissioner's record is not entirely clear as to the timeline of what happened next, but Bryan lost his disability benefits in January 2015. *Id.* at PageID.97. Later that year, he reapplied for benefits, but his application was dismissed after he failed to appear at a scheduled hearing. *Id.* at PageID.97, 91-95.

In March 2020, Bryan again applied for benefits, asserting that he became disabled on January 15, 2018 from depression, mental issues, anxiety, Crohn's disease, running to the bathroom constantly, and chronic pain. *Id.* at 97. After the application was initially denied, Bryan requested a hearing, and he and a vocational expert appeared telephonically before an ALJ in January 2022. *Id.* at PageID.56-80.

On January 25, 2022, the ALJ issued a decision denying Bryan's claim. *Id.* at PageID.30. Following the familiar five-step process for

evaluating disability benefits, *see* 20 C.F.R. § 404.1520, the ALJ found that Bryan had the following severe impairments: perianal disease, status post fulguration of a large condyloma; Crohn's disease of the small intestine with fistulas; hidradenitis suppurativa (a skin condition causing abscesses and scarring); squamous intraepithelial neoplasia; obesity; depressive disorder; and anxiety disorder. *Id.* at PageID.36.

In assessing Bryan's Residual Functional Capacity, the ALJ concluded that—despite his impairments—Bryan still retained the capacity to do the following work:

> An entry level job involving simple routine tasks that is non-fast-rate production, defined as involving no conveyor belt or assembly line work and no hourly quotas; a restroom should be readily accessible to employees on the work premises; can lift and/or carry 5 pounds frequently and 10 pounds occasionally (from very little up to one-third of an 8-hour workday); can stand and/or walk (with normal breaks) for 2 hours in an 8-hour workday, however, the claimant requires the opportunity to stand for 15 minutes at one time before needing to sit for 2 minutes before resuming standing so long as he is not off task; can sit (with normal breaks) for 6 hours in an 8-hour workday, however the claimant requires the opportunity to sit for 15 minutes at one time before needing to stand for 2 minutes before resuming sitting so long as he is not off task; can perform pushing and pulling motions with the upper extremities within the aforementioned weight restrictions for two-thirds of an 8-hour workday, but can only occasionally perform pushing and pulling motions with lower extremities; can perform activities requiring bilateral manual dexterity for both gross and fine manipulations with handling and reaching for two-thirds of an 8-hour workday; needs to avoid hazards such as moving machinery and unprotected heights, but does not need to avoid hazards typically found in

>the workplace such as boxes on the floor or ajar doors; job responsibilities do not include the use of hand-held vibrating or power tools; needs to be restricted to a work environment with good ventilation that allows the claimant to avoid frequent concentrated exposure to extreme heat, extreme cold, and high humid[ity]; and can perform occasionally: climbing stairs with handrails, stooping, crouching, and kneeling but he needs to avoid climbing ladders, scaffolds, and ropes, and crawling.

*Id.* at PageID.39.

In reaching this conclusion, the ALJ acknowledged the symptoms Bryan had testified about—including abdominal pain and frequent bathroom use (3-4, sometimes five times a day) from Crohn's disease; an "8-9" on a 1-10 pain scale and difficulty sitting in a car or on hard surfaces, inability to bend over, and a need to shower after using the toilet to relieve discomfort and clean up pus from perianal lesions; and pain in his groin area when he moved from hidradenitis suppurativa. *Id.* at PageID.40. The ALJ further acknowledged Bryan's testimony that, as a result of these symptoms, he lived a mostly sedentary lifestyle, spent around 30-40 minutes in the bathroom each of the 3 or 4 times he used it daily, and did not leave his home because he worried about his bathroom usage and the availability of toilets. *Id.*

Based on his review of the record, the ALJ found that Bryan's medical conditions could reasonably be expected to cause the symptoms he testified about—but that his testimony regarding the intensity,

persistence, and limiting effects of those symptoms was not consistent with the medical record. *Id.* at PageID.41. In particular:

- With respect to his Crohn's disease, Bryan's reports to his doctors did not match his testimony. For instance, he told treating physicians several times during 2020 that he was having 1 to 2 formed bowel movements a day without any bleeding, abdominal pain, urgency, or drainage—although, the ALJ acknowledged, he did report pain when the stool passed his perianal lesions. *Id.* And records showed that Humira, a biologic medicine, had been effective in controlling the condition. *Id.*

- While medical records bore out Bryan's testimony that perianal disease interfered substantially with his daily functioning, those records also showed that he had not been entirely compliant with his treatment—for instance, he discontinued using a topical cream that he was prescribed out of discomfort. *Id.* And a surgeon had cleared him for work in May 2021 "without restrictions." *Id.* at PageID.41-42.

- It was unclear from the medical record when the hidradenitis suppurativa first appeared in Bryan's groin. But the record showed that he did not actively seek treatment for the condition until August 2021. *Id.* at PageID.43-44.

From the testimony of a vocational expert, the ALJ concluded that Bryan could not return to his past jobs as a janitor or pizza deliverer. *Id.* at PageID.48. But he could still work as a general office clerk, assembler, or inspector. *Id.* at PageID.49. As a result, he was not disabled.

After the Appeals Counsel declined to further review the claim (*id.* at PageID.19-21), Bryan appealed to this Court. He argued that, in rejecting his testimony about his disabling pain and his need for frequent bathroom breaks from his Crohn's and perianal disease, the ALJ

committed a legal error in failing to follow the Social Security Administration's standards for the evaluation of subjectively reported symptoms. ECF No. 13.

On January 16, 2024, Judge Stafford issued a Report and Recommendation, recommending that Bryan's arguments be rejected and that the ALJ's decision be affirmed. ECF No. 15. Her R&R set forth three reasons supporting the recommendation.

*First*, some of Bryan's challenges to the ALJ's decision relied on evidence from well after his insured status expired to support his claim. Judge Stafford acknowledged that such evidence could be used to shed light on the severity of a previously existing condition. Nonetheless, with regard to his hidradenitis suppurativa, Bryan had no medical opinions shedding light on the condition before his insured status expired.

*Second*, the ALJ's decision accurately noted inconsistencies between Bryan's hearing testimony and his medical records. And it permissibly concluded that, while the records supported his testimony, they did not fully corroborate the severity of the symptoms he described at hearing—for instance, he testified that he needed to use the toilet 3-4 times a day and to shower immediately afterwards, but he had told his doctors that he experienced 1-2 bowel movements a day without abdominal pain, discharge, or urgency.

*Third*, the ALJ had assessed an RFC that was more restrictive than what agency consulting doctors had recommended. In so doing, the ALJ

6

had carefully explained why he had found certain portions of those recommendations persuasive and why he had rejected others. And RFC assessments that are more restrictive than medical-opinion evidence are generally considered to be supported by substantial evidence.

## II. STANDARD OF REVIEW

Either party may file and serve written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge … or receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

For any parts of the report and recommendation reviewed de novo, the Court's review is nevertheless circumscribed: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence is not a high standard: "more than a scintilla of evidence but less than a preponderance." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted).

### III. ANALYSIS

Bryan has filed an objection challenging the Report and Recommendation. ECF No. 16. The objection focuses on Judge Stafford's reference to the lack of records concerning treatment for hidradenitis suppurativa during his insured period. First, he argues that the reference to that condition shows that Judge Stafford misconstrued the nature of his disability claim which, he says, focuses not on hidradenitis suppurativa but instead on disabling symptoms from perianal disease and Crohn's disease. *Id.* at PageID.765-66. Second, he takes issue with the fact that Judge Stafford brought up his failure to actively seek treatment for hidradenitis in the groin area at all. *Id.* at PageID.767.

But Judge Stafford's reference to the lack of treatment records concerning hidradenitis suppurativa was only a part of one of the three reasons she gave for rejecting Bryan's challenge to the ALJ's disability determination. Her Report & Recommendation acknowledged that hidradenitis suppurativa was only one of several conditions which Bryan asserted were all disabling. It further recognized that medical evidence postdating the expiration of a claimant's insured status may be, and ought to be, considered insofar as it bears on the claimant's condition prior to the expiration of his insured status. *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976). The problem for Bryan is that neither his

records from during his insured status nor those post-dating it fully corroborate his testimony about the severity of his symptoms.

The primary ground upon which the Report & Recommendation rests is that, in denying Bryan's disability claim, the ALJ accurately described inconsistencies between the medical record and Bryan's hearing testimony and, after closely considering these inconsistencies, permissibly arrived at the conclusion that Bryan's testimony was not wholly supported by the medical record and that his symptoms were not as severe during the insured period as he claimed.

Bryan does not directly object to this ground for affirming the ALJ's recommendation. Instead, he advances explanations for why he did not seek treatment (he did not have insurance until 2020) or comply with treatment prescribed by his doctors (he experienced discomfort). ECF No. 16, PageID.765-66.

Neither the ALJ nor Judge Stafford were required to accept these explanations against the backdrop of his medical records, however. Symptom evaluation is governed by SSR 16-3p, which prescribes a two-step process for symptom evaluation:

> First, [the ALJ] must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity

9

and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities.

SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). This regulation explains that an ALJ "may or may not find an individual's symptoms and related limitations consistent with the evidence in his or her record. [The ALJ] will explain which of an individual's symptoms [he] found consistent or inconsistent with the evidence in his or her record and how [his] evaluation of the individual's symptoms led to [his] conclusions." *Id.* at *8. "Compar[ing] statements an individual makes in connection with the individual's claim for disability benefits with any existing statements the individual made under other circumstances" is permissible. *Id.*

Here, the ALJ properly evaluated which of Bryan's impairments were medically determinable. The ALJ then acknowledged Bryan's testimony that he was incapable of working because he needed to use the bathroom 3-5 times a day and to shower afterwards, that he had difficulty sitting on hard surfaces, and that he had trouble moving because movement exacerbated the pain in his groin. After carefully marching through this testimony, Bryan's treatment history, and the opinions of several medical sources, the ALJ determined that this testimony was not entirely consistent with what Bryan had told his doctors during the relevant period. Some of his symptoms (perianal pain, painful movement due to hidradenitis suppurativa, and inability to sit on hard surfaces or for long periods of time) were corroborated by his reports to doctors, and

the ALJ incorporated restrictions into his RFC assessment to reflect them (needing to alternate sitting and standing every 15 minutes). Others (frequent bathroom usage because of Crohn's disease) were not, but the ALJ nonetheless assessed some degree of restriction based on them (a requirement that a restroom be readily accessible). In any event, Bryan does not say what additional restrictions would have been necessary based on the ALJ's alleged error.

Having independently reviewed that medical history, the Court agrees with Judge Stafford that the ALJ's assessment of the contradictions and inconsistencies between the medical evidence and Bryan's testimony was accurate. *See, e.g.*, ECF No. 7-1, at PageID.331 (March 2020 report of "1-2 BM a day that are formed" with no urgency, hesitation, abdominal pain, rash, or blood in stool); *id.* at PageID.500 (March 2021 report of "1-2 bowel movements per day, with no bleeding, no abdominal pain and no drainage from his perianal site" and "feel[ing] overall that his Crohn's symptoms are controlled" after starting Humira in August 2020); *id.* at PageID.503 (February 2021 report that Bryan may not have been using topical medication correctly); *id.* at PageID.690 (August 2021 report that groin lesions from hidradenitis "may have started 2-3 years ago" and "worsen[ed] with time"); *id.* at PageID.698 (November 2021 report that Humira led to "mild improvement with groin lesions"). When a district court reviews under 42 U.S.C. § 405(g) whether an ALJ's decision is supported by substantial evidence, it may not "try

11

the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The ALJ provided an adequate rationale and referred to particular evidence in the record to support his evaluation of Bryan's testimony in accordance with the requirements of SSR 16-3p. *See Snyder v. Comm'r of Soc. Sec.*, No. 22-5948, 2023 WL 3673265, at *5 (6th Cir. May 26, 2023). That is what the regulations require.

Bryan's symptoms may have worsened since his insured status expired. But to be entitled to disability benefits, he needed to show that he was disabled before then. The evidence the ALJ marshalled in support of his determination that Bryan was not disabled adequately supports his conclusion, and consequently this Court lacks the authority to vacate the disability determination. *See Morrison v. Comm'r of Soc. Sec.*, No. 16-1360, 2017 WL 4278378, at *2 (6th Cir. Jan. 30, 2017).

Accordingly, Bryan's objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons above, Plaintiff's objection to Judge Stafford's Report and Recommendation is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Judge Stafford's Report and Recommendation (ECF No. 15) as its findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 13) is **DENIED**, Defendant's motion for summary judgment (ECF No. 14) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

**SO ORDERED**, this 12th day of March, 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge